11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Cortney Deon Wilson

Appellant

Vs.                   No. 11-03-00211-CR & 11-03-00212-CR - Appeals
from Harris County

State
of Texas

Appellee

 

The jury convicted Cortney
Deon Wilson of possession of more than 4 grams but less than 200 grams of
phencyclidine with the intent to deliver[1]
and unlawful possession of a firearm.[2]  The jury found the enhancement allegation to
be true in each case.  The jury assessed
appellant=s
punishment at confinement for 15 years for possession of phencyclidine with the
intent to deliver and confinement for 20 years for possession of a
firearm.  We affirm.

 Appellant=s court-appointed counsel has filed a
brief in which he reviews in explicit detail the  proceedings in the trial court and the
applicable law.  Counsel concludes that
no reversible error occurred in the rulings on the pretrial motions, during voir dire, on the denial of the motion to suppress the
search warrant, in the indictment, in the charge at the guilt/innocence phase,
or in the charge on punishment in the firearm case.  Counsel states that the evidence is both
legally and factually sufficient to support both convictions. 








Following the procedures
outlined in Anders v. California, 386 U.S. 738 (1967), and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969), counsel directs this court=s
attention to the trial court=s
ruling on the motion to suppress appellant=s
oral statement that he lived in the apartment where the search warrant was
executed and firearms and phencyclidine were found.  Counsel argues that appellant=s statements to Houston Narcotics
Officer John Scott Siewert that appellant lived in
Apartment No. 8806 should have been suppressed. 
We note, as did counsel in his brief, that appellant testified that he
knew the phencyclidine as well as the firearms were present in the apartment.  The testimony that appellant gave Apartment
No. 8806 as his address did not affect a substantial right.  The jury was not required to determine that
appellant lived in the apartment to convict him of possession of items in the
apartment.  Residence is not an element
of either offense.  TEX. HEALTH &
SAFETY CODE ANN. ''
481.002(38) & 481.112 (Vernon 2003 & Supp. 2004); TEX. PENAL CODE ANN. '' 1.07(a)(39) & 46.04 (Vernon
Supp. 2004).  Error, if any, is
harmless.  TEX.R.APP.P. 44.2(b). 

Counsel also states that the
punishment charge in the phencyclidine case incorrectly stated that, if the
jury determined the enhancement allegation to be true, the minimum punishment
was confinement for five years.  The
range of confinement for a person convicted of possession of more than 4 but
less than 200 grams of phencyclidine with intent to deliver is life or a term
of not more than 99 years and not less than 5 years.  TEX. HEALTH & SAFETY CODE ANN. ' 481.112(d); TEX. PENAL CODE ANN. ' 12.32 (Vernon 2003).  With the finding of a prior felony
conviction, the range of confinement is enhanced under TEX. PENAL CODE ANN. ' 12.42(c)(1) (Vernon Supp. 2004) to
life or a term of not more than 99 years and not less than 15 years.  The jury assessed appellant=s punishment at confinement for 15
years, a term within the range authorized by law.  The punishment is supported by the evidence;
and, as counsel states, this error did not result in Aegregious
harm@ to
appellant and is not reversible error.  Almanza v. State, 686 S.W.2d 157
(Tex.Cr.App.1985).

Both of counsel=s contentions are overruled.

Counsel has furnished
appellant with a copy of the brief and advised appellant of his right to review
the record and file a pro se brief.  A
pro se brief has not been filed.  Counsel
has complied with the procedures outlined in Anders v. California, supra;
Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573
S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684
(Tex.Cr.App.1974); and Gainous v. State,
supra.








Following the procedures outlined in Anders,
we have independently reviewed the record. 
We agree that the appeal is without merit.  The record reflects that the evidence is both
legally and factually sufficient to support the convictions.  Jackson v. Virginia, 443 U.S. 307
(1979); Vasquez v. State, 67 S.W.3d 229 (Tex.Cr.App.2002); Goodman v.
State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d
1 (Tex.Cr.App.2000); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Cain
v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
After reviewing the entire record before this court, we find that trial
counsel afforded appellant reasonable assistance of counsel.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Stafford
v. State, supra.  We agree that the
appeals are without merit.

The judgments of the trial court are affirmed.

 

PER CURIAM

 

May 13, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J, and

Wright,
J., and McCall, J.











[1]Cause No. 11-03-00211-CR.





[2]Cause No. 11-03-00212-CR.